### M. T. Shepherd v. E. A. Wacaser, A. Wacaser, Emma A. Wacaser and Mary O. Wacaser.

1. USURY—*Devices to Avoid.*—The law will tolerate no shift or device to enable a person to escape the operation of the usury statute.

Assumpsit.—Appeal from the Circuit Court of Piatt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

JOHN R. & WALTER EDEN, attorneys for appellant; LODGE & HICKS of counsel.

REED & EDIE, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellant obtained judgment by confession in vacation for $592.37, upon a promissory note executed by appellees on August 3, 1896, to S. L. Shepherd, and assigned to appellant. The judgment was opened up on motion and a trial had in the Circuit Court upon plea of the general issue, and a stipulation that all matters of defense could be admitted

under that plea. The suit was defended upon the ground that the note was tainted with usury, and that the unpaid portion of it was made up entirely of usurious interest charged against appellee on notes, of which the one sued on is a renewal. The defense prevailed and judgment was entered accordingly. An appeal is prosecuted on the ground that the verdict is against the evidence and because the court improperly instructed the jury.

The evidence shows that appellant conducts a private bank at Lovington, Illinois. At various times during the year 1893, George Wacaser, borrowed from appellant, at extravagantly usurious rates of interest, sums of money, aggregating $1,403, for which he gave notes amounting to $1,603.33. On January 15, 1894, all the notes were taken up and embodied in two other notes as renewals, which were also taken up on April 27, 1894, and embodied in one note for $1,939.31 as a renewal. On April 27, 1895, the last named note was taken up and a new one executed for $2,041.26, made payable to J. M. Shepherd, a young son of appellant who was clerking at the bank. That note was secured by chattel mortgage on corn which was sold and the net proceeds, $622.16, paid on the note. On November 3, 1895, notes for $1,000 and $569.17, respectively, were executed as a renewal of balance of the notes for $2,041.26, made payable to appellant, and Wacaser at the same time borrowed $150 more of appellant and gave to him a note for $160.87.

Subsequently there were payments and renewals from time to time made, so that the indebtedness on the 2d of May, 1896, amounted to $758.12, for which a note, payable to appellant and due in three months, was executed. That note was taken up on the third of August, 1896, and a new one executed instead, of $833.92, made payable to S. L. Shepherd, a sister-in-law of appellant, and by her indorsed to appellant. It is the note sued on.

The sum total of the payments made from time to time by Wacaser exceeded by several hundred dollars the amount of money actually received by him. But it is contended

that they can not be applied in payment of this note for the reason that it is not a renewal of the indebtedness. The fact that one of the notes, the note for $2,041.26, was made payable to appellant's son, would not relieve appellant from the operation of the usury statute, if the note really belonged to appellant. The law will tolerate no such shift or devise. Evidently the jury regarded that transaction as a mere shift or device, and we are not inclined to say they were wrong in so regarding it. The same may be said as to the note made payable to Mrs. Shepherd. The frictional question of fact presented to the jury was whether the money furnished Wacaser from time to time was appellant's and the note in suit a mere renewal. The testimony of Wacaser and the peculiar circumstances attending the various transactions were sufficient to justify the conclusion that the notes were at all times for indebtedness due appellant, and that the one in suit was made payable to Mrs. Shepherd to enable him to escape the operation of the usury statute. Appellant and his son both testify in denial, but it was a question of fact for the jury, and as they were properly instructed, we shall not interfere. Judgment affirmed.